UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SILER,

        Plaintiff,                              Case No. 08-CV-15077-DT

v.                                         Honorable Patrick J. Duggan

W. BALDWIN, REBECCA J. ROBINSON,
WHIPPLE, PATRICIA L. CARUSO,
KAREN R. HALLIDAY, C. WASHINGTON,
K. MORGAL, DAVID L. BERGH, J.
ARMSTRONG, and JOHN DOE,

        Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 8, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Robert Siler ("Plaintiff"), a state prisoner, filed this civil action against defendants

pursuant to 42 U.S.C. § 1983 on December 9, 2008.  In his complaint, Plaintiff alleges

that defendants violated his Eighth Amendment rights when he was denied medical

treatment after he fell out of his bed, hit his head on the concrete floor, and aggravated a

pre-existing spinal injury on July 28, 2008.  This Court referred all pre-trial proceedings

in this case to Magistrate Judge Mona K. Majzoub on March 9, 2009.  As part of the

pre-trial proceedings, Magistrate Judge Majzoub considered a Motion to Dismiss filed by

Defendant Halliday on May 8, 2009, and a second Motion to Dismiss filed by defendants

Bergh, Armstrong, Whipple, Caruso, Washington, and Morgal on May 19, 2009.

On June 16, 2009, Magistrate Judge Majzoub issued a Report and

Recommendation ("R&R") recommending that this Court grant Defendant Halliday's

Motion to Dismiss.  The next day, Magistrate Judge Majzoub issued an R&R

recommending that this Court grant the second Motion to Dismiss by defendants

Whipple, Caruso, Armstrong, Morgal, Washington, and Bergh.

On July 16, 2009, Plaintiff filed objections to the R&Rs along with a Motion for

Voluntary Dismissal of defendants Armstrong, Morgal, Washington, Bergh, and Halliday.

On August 19, 2009, Magistrate Judge Majzoub issued an R&R recommending that the

Court grant Plaintiff's motion for voluntary dismissal as to defendants Washington,

Morgal, and Armstrong, but deny the motion as to defendants Bergh and Halliday.  Based

on the reasoning in her prior R&Rs, Magistrate Judge Majzoub recommends that Bergh

and Halliday be dismissed with prejudice.  After obtaining an extension, Plaintiff filed an

objection to this third R&R on September 18, 2009.

## I.  Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court

de novo.  *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D.

Mich. 2001).  The Court, however, "is not required to articulate all of the reasons it

rejects a party's objections."  *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d

87, 92 (6th Cir. 1986).

**II. Plaintiff's Motion for Voluntary Dismissal**

Although Magistrate Judge Majzoub identified legal grounds to dismiss defendants
Bergh and Halliday with prejudice, Plaintiff retains the ability to dismiss those defendants
without prejudice at this stage of the proceeding.  Rule 41(a)(1) of the Federal Rules of
Civil Procedure allows voluntary dismissal by a plaintiff without a court order "before the
opposing party serves either an answer or a motion for summary judgement."  Rather than
file an answer or motion for summary judgment, the defendants at issue in the present
motions chose to file motions to dismiss.  Therefore Plaintiff is entitled to dismiss,
without prejudice, defendants Armstrong, Morgal, Washington, Bergh, and Halliday.[1]
*See* Fed. R. Civ. P. 41(a)(1)(B) (indicating that dismissal, in cases like this, is without
prejudice).  Given those dismissals, only Whipple and Caruso remain as moving
defendants in the present motions.  Therefore Plaintiff's remaining objections are relevant
only to the second R&R and, more specifically, only to the recommended dismissals of
defendants Whipple and Caruso.

**III. Objections to the Dismissal of Whipple and Caruso**

Plaintiff presents four objections to Magistrate Judge Majzoub's second R&R
recommending dismissal of defendants Whipple and Caruso.  First, Plaintiff argues that
the R&R incorrectly concludes that he failed to exhaust his administrative remedies as to

---

[1]Because the Court is granting Plaintiff's Motion for Voluntary Dismissal in its entirety,
the Court does not independently address Plaintiff's objection to the partial denial recommended
by Magistrate Judge Majzoub in the August 19, 2009, R&R.

3

Defendant Whipple.  Second, Plaintiff asserts that Magistrate Judge Majzoub issued the R&R prematurely.  Third, Plaintiff objects to Magistrate Judge Majzoub's conclusion that he failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fourth, Plaintiff contends that Magistrate Judge Majzoub improperly denied him the opportunity to conduct discovery before recommending that the motions be granted.  Each objection will be addressed in turn.

**A. Failure to Exhaust Remedies**

In the R&R, Magistrate Judge Majzoub recommends that the Court grant the Motion to Dismiss by defendants Bergh, Armstrong, Whipple, Caruso, Washington, and Morgal on grounds that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Plaintiff objects to the recommended dismissal of Defendant Whipple on this basis.[2]  Plaintiff asserts that he told Whipple of his need for medical treatment, but Whipple refused to get involved.  Plaintiff further asserts that he complained of Whipple's conduct in his grievance and thereby exhausted his administrative remedies.

In this case, Plaintiff filed a single grievance "against RUO Baldwin" on August 14, 2008.  (Mot. to Dismiss Ex. B.)  That grievance states that Plaintiff attempted to resolve his issue with Baldwin by speaking to Whipple on July 28, 2008.  Specifically, Plaintiff wrote, "I finally located Sergeant Whipple about 14:30 hrs.  I explained the

---

[2]Plaintiff does not object to the dismissal of Caruso on this basis.

4

situation, and how she [Baldwin] refused my request for the name of the person to whom she spoke (who refused me medical treatment). The Sergeant suggested that I 'Kite' Health Services." (*Id.*) Plaintiff went on to explain that he followed through with Whipple's suggestion. There is no further discussion of Whipple's involvement and all of Plaintiff's complaints and requests for relief in the grievance are directed at Baldwin.

The Court agrees with the R&R. Even if Plaintiff communicated to Whipple his need for medical attention and frustration concerning Baldwin, he failed to exhaust his administrative remedies as to Whipple. The references to Whipple in Plaintiff's grievance fail to suggest wrongdoing and therefore fail to put prison officials on notice of a claim against Whipple. Furthermore, the administrative responses throughout the three-step grievance process consistently construed Plaintiff's complaints as against Baldwin only, and Plaintiff's replies never suggested otherwise. (*Id.*) Therefore the Court agrees with Magistrate Judge Majzoub's conclusion that Plaintiff failed to exhaust his administrative remedies against Whipple.

## B. Objection to the R&R as Premature

In his second objection, Plaintiff complains that Magistrate Judge Majzoub prematurely issued her R&R because three defendants—Baldwin, Robinson, and John Doe—had not been served at the time Magistrate Judge Majzoub issued her R&R.[3] The status of these three defendants, however, has no bearing on the motions presently before

---

[3]Baldwin was served on September 9, 2009.

5

the Court.  The R&R relates only to those defendants who joined in the motions to dismiss.  Plaintiff's claims against defendants Baldwin, Robinson, and John Doe are not addressed in Magistrate Judge Majzoub's R&Rs and will not be affected by this Court's acceptance thereof.  Therefore Plaintiff's second objection lacks merit.

**C.  Failure to State a Claim**

Plaintiff next objects to Magistrate Judge Majzoub's conclusion that he failed to state a claim.  The motions to dismiss in this case were brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted."  Focusing on the first part of that phrase, Plaintiff argues that he properly alleged all the elements of an Eighth Amendment claim, making the R&R's dismissal recommendation improper.

As explained in the R&R, a prisoner must complete all levels of the grievance process before filing an action in federal court, and proper exhaustion is mandatory. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Jones v. Bock*, 549 U.S. 199, 211 (2007).  Magistrate Judge Majzoub's conclusion that Plaintiff failed to state a claim *upon which relief can be granted* is based on the fact that Plaintiff is barred from obtaining relief in federal court until he exhausts his administrative remedies; the R&R does not suggest or conclude that Plaintiff failed to state an Eighth Amendment claim.  Since Plaintiff failed to satisfy the exhaustion requirement as to the moving defendants, the Court cannot grant him relief even if his allegations are true.  Therefore the R&R appropriately recommends that the moving defendants be dismissed.

6

**D. Discovery**

Finally, Plaintiff objects to Magistrate Judge Majzoub's R&R because it recommends dismissal before allowing Plaintiff to conduct discovery. Plaintiff confuses a motion to dismiss with a motion for summary judgment. While these motions may seem similar, there are important differences. As it relates to Plaintiff's objection, one notable difference is that "[a] motion to dismiss typically occurs early in the course of litigation, well before discovery has been completed," while "a motion for summary judgment may not be granted until a plaintiff has had an opportunity for discovery." *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 787-88 (6th Cir. 2005). Indeed, "[t]he very purpose of [a Rule 12(b)(6) Motion to Dismiss] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (internal quotation omitted).

Plaintiff is correct that on a motion to dismiss the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." (Pl.'s Obj.s at 8 (*quoting Cole v. U.S. Capital*, 389 F.3d 719, 724 (7th Cir. 2004).) In this case, however, Plaintiff is not entitled to offer evidence to support his claims because he failed to exhaust his administrative remedies against the moving defendants as required by 42 U.S.C. § 1997e(a). Discovery will not change the fact that Plaintiff failed to exhaust his administrative remedies. Therefore, discovery is inappropriate in this case.

## III. Conclusion

Plaintiff's Objections to the R&R lack merit.  Plaintiff failed to exhaust his administrative remedies as to Whipple; the present motions do not affect Plaintiff's claims against Baldwin, Robinson, or John Doe; Plaintiff failed to state a claim upon which relief can be granted; and discovery into the merits of the case against Whipple and Caruso is unnecessary.  Additionally, the Court notes that Plaintiff failed to provide any specific objections regarding the dismissal of Caruso.  Although Plaintiff did not move for the voluntary dismissal of Caruso, the Court can discern no reason to deny the motion to dismiss as to this defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for voluntary dismissal as to Armstrong, Morgal, Washington, Bergh, and Halliday is **GRANTED**; Armstrong, Morgal Washington, Bergh, and Halliday are therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss by defendants Whipple and Caruso based on Plaintiff's failure to exhaust his administrative remedies is **GRANTED**; Whipple and Caruso are therefore **DISMISSED WITHOUT PREJUDICE**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies To:
Robert Siler, #374576
G. Robert Cotton Correctional Facility

8

3500 N. Elm Road
Jackson, MI 49201

Allen J. Soros, Esq.
John G. Fedynsky, Esq.