**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROBERT SILER,**

       **Plaintiff,**                     **CIVIL ACTION NO. 08-CV-15077-DT**

vs.

                                              **DISTRICT JUDGE PATRICK J. DUGGAN**

**W. BALDWIN, et al.,**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**  This Court recommends that Defendant Baldwin's Motion for Summary Judgment (docket no. 69) be **GRANTED**.

**II.   REPORT:**

This matter is before the Court on Defendant Baldwin's Motion for Summary Judgment filed on October 30, 2009.  (Docket no. 69).  Plaintiff filed a response to the motion and an affidavit requesting additional discovery pursuant to Federal Rule of Civil Procedure 56(f).  (Docket no. 74).  Defendant Baldwin filed a Reply Brief to which Plaintiff responded.  (Docket nos. 75, 76).  All pretrial matters have been referred to the undersigned for decision.  (Docket no. 11).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    **A.  Facts**

Plaintiff is a state prisoner incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan during the events relevant to this action.  Defendant Baldwin is a Resident Unit Officer

1

employed by the Michigan Department of Corrections ("MDOC") at the Cooper Street Correctional Facility. (Docket no. 69). Plaintiff alleges in his complaint filed pursuant to 42 U.S.C. § 1983 and in an affidavit filed in opposition to the instant motion that on July 28, 2008 he injured his head and aggravated a pre-existing spinal injury when he lost consciousness and fell from his bed, striking his head on the concrete floor. He states that he immediately went to Defendant Baldwin, told her he was in severe pain, and requested urgent medical attention. (Docket no. 29; Docket no. 74, Plaintiff's affidavit at 1). Plaintiff states that Defendant Baldwin telephoned Health Services while he took a seat outside of her office. (Docket no. 74, Plaintiff's affidavit at 3). He asserts that Defendant Baldwin relayed false information to Health Services by telling them that he was on the basketball court, when he was sitting in a nearby seat waiting to be told whether Health Services would see him. (Docket no. 74, Plaintiff's affidavit at 3-4). Plaintiff claims that as a result of Defendant Baldwin's false report, he was denied access to pain medication and necessary medical services for ten days. (Docket no. 29; Docket no. 74, Plaintiff's affidavit at 2). He seeks monetary damages from Defendant Baldwin and sues her in her official and individual capacities. (Docket nos. 1, 29). He also seeks to have Defendant Baldwin prosecuted for Criminal Neglect of a Vulnerable Dependent Adult.

In the instant Motion for Summary Judgment, Defendant Baldwin argues that the claims against her should be dismissed on the basis of Eleventh Amendment immunity and qualified immunity. She asserts that she acted promptly in accurately reporting Plaintiff's medical complaints and her observations to Health Services, and states that Plaintiff has failed to demonstrate that she was deliberately indifferent to a serious medical need. (Docket no. 69).

**B.    Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the nonmoving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis omitted). Summary judgment should not be granted if the nonmoving party has not been afforded an adequate opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994).

**C.     Analysis**

**1. Federal Rule of Civil Procedure 56(f)**

In response to Defendant Baldwin's Motion for Summary Judgment, Plaintiff filed an opposition brief with attached exhibits and an affidavit requesting additional discovery pursuant to Rule 56(f). (Docket no. 74). Plaintiff asserts in his Rule 56(f) affidavit that he served the Clerk of the Court with a request to serve Defendant Baldwin with Plaintiff's Request for Production of Documents on July 20, 2009. He states that he filed a motion to compel discovery and an amended motion to compel discovery in September and October 2009 after he did not receive responses to his discovery requests. (Docket no. 74, Rule 56(f) affidavit). Plaintiff's Rule 56(f) affidavit states that he has been diligent in seeking discovery and that he cannot respond to the Defendant's motion

without additional discovery. His affidavit does not specifically identify what material facts he believes he will uncover if he is allowed more time to conduct discovery.

Federal Rule of Civil Procedure 56(f) provides: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." The party making the Rule 56(f) showing must indicate by affidavit his need for discovery, what material facts he hopes to uncover, and why he has not previously discovered the material. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). The court may, within its discretion, deny the discovery request when the party makes only general and conclusory statements regarding the need for more discovery. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004).

In addition to his Rule 56(f) affidavit, Plaintiff attached exhibits to his opposition brief including an affidavit by Plaintiff addressing the merits of the case, a progress note written by Nurse Robinson documenting the contact that occurred between Health Services, Defendant Baldwin, and the Plaintiff on the day of the incident, an affidavit from an inmate with personal knowledge of the incident, prisoner kite forms, a formal complaint sent to the internal affairs office related to Defendant Baldwin's actions, grievances related to the incident, relevant MDOC policies, and excerpts from his medical records. (Docket no. 74). Plaintiff also filed a supplemental brief to which he attached additional medical records. (Docket no. 76).

The Plaintiff has had an adequate opportunity for discovery and has presented the Court with sufficient evidence from which it may decide the Defendant's motion. He has not demonstrated that a continuance or rejection of Defendant Baldwin's Motion for Summary Judgment is warranted.

Accordingly, this Court recommends that Plaintiff's request for additional discovery pursuant to Rule 56(f) be denied.

### 2. Eleventh Amendment Immunity

Defendant Baldwin asserts that she is entitled to Eleventh Amendment immunity for claims brought against her in her official capacity. State employees sued in their official capacities are considered to be the same entity as the state. The Eleventh Amendment bars suits for money damages against state employees sued in their official capacity absent consent from the state. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). The State of Michigan has not consented to § 1983 civil rights lawsuits filed in federal court. *Id*. (citation omitted). Plaintiff's official capacity claims against Defendant Baldwin are barred by the Eleventh Amendment and should be dismissed from this lawsuit.

### 3. Qualified Immunity

Defendant Baldwin asserts that Plaintiff's claims against her should be dismissed on the basis of qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citation omitted). "The procedure for evaluating claims of qualified immunity is tripartite." *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999). First, the court must determine whether a constitutional violation occurred. Second, the court must determine whether the right that was violated was a clearly established right of which a reasonable person would have known. Third, the court must evaluate the objective reasonableness of the conduct and determine whether the official could reasonably have believed her conduct was lawful in light of the

clearly established constitutional rights. *Id*. *See also Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999).

Plaintiff has alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment based on inadequate medical care. To sustain a claim of inadequate medical treatment, a prisoner must demonstrate that the defendant acted with deliberate indifference to his serious medical needs. A sufficiently serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Blackmore v. Kalamazoo County,* 390 F.3d 890, 897 (6th Cir. 2004) (citations omitted). A medical need is serious if the failure to treat the condition could result in the unnecessary and wanton infliction of pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (citation omitted).

Plaintiff argues in the present case that Defendant Baldwin ignored his obvious need for urgent medical treatment. He offers as proof a nursing note written by nurse Robinson which states that an "Officer from I-Block phoned re: [Plaintiff] on the floor crying in regards to pain and wants to see Dr. Q now." (Docket no. 76). His own affidavit states that he was in severe pain following the fall. (Docket no. 74). He also shows that prior to his fall he was being medically treated for neck and shoulder pain related to an injury he sustained on a piece of exercise equipment on the prison yard. (Docket no. 74). In contrast, Defendant Baldwin has presented evidence that shows that the Plaintiff was ambulatory, was talking with other inmates near the basketball court, and showed no obvious signs of distress. (Docket no. 69, ex. A). Given the conflicting nature of the attached exhibits, the Court should find that there remains a genuine issue of fact as to whether Plaintiff's medical need was obvious and therefore objectively serious.

Defendant Baldwin argues that even if the Plaintiff can show that he had a serious medical condition, he has not shown that she was deliberately indifferent to his need. MDOC policy directive 03.04.100 provides that a prisoner who believes that he has an urgent/emergent health condition may request health care services by notifying staff of his problem. Prison staff are then required to contact Health Services and inform them of the prisoner's request for treatment. The qualified health professional ("QHP") then determines whether: 1) the prisoner will be allowed to speak directly to the QHP by telephone; 2) the prisoner will be allowed to go to the health services area; or 3) the QHP will go to the prisoner's location to conduct an evaluation. (Docket no. 69, ex. A).

Plaintiff's affidavit states that he approached Defendant Baldwin, informed her of his fall and the severity of his pain, and requested urgent medical attention. (Docket no. 74, Plaintiff's affidavit). An entry made by Defendant Baldwin in a housing unit log book shows that Defendant Baldwin contacted Health Services and informed them of Plaintiff's complaint. (Docket no. 69, ex. A; Docket no. 74, Plaintiff's affidavit). A progress note written by Nurse Robinson verifies that Defendant Baldwin contacted Health Services regarding Plaintiff's complaint, and informed them that the Plaintiff was demanding to see the doctor and was on the floor "crying in regards to pain." (Docket no. 74).

The Court should find that Defendant Baldwin reported Plaintiff's complaints to Health Services in accordance with MDOC policy directive 03.04.100. Plaintiff states that Defendant Baldwin lied to the health care nurse by informing her that he was on the basketball court. The exhibits submitted by Plaintiff show that he was at a minimum seated next to the basketball court. (Docket no. 74, Step I Grievance at 1). The Plaintiff has not shown that Defendant Baldwin

knowingly reported false information to Health Services.

Defendant Baldwin was informed by Health Services that they had just seen the Plaintiff at the med window and that he did not require emergency medical attention. (Docket no. 69, ex. A). Plaintiff has not demonstrated that Defendant Baldwin knew of and disregarded a substantial risk of serious harm to Plaintiff's health or safety. Furthermore, MDOC policy directive 03.04.100 provides that the QHP determines what course of treatment the prisoner requires, not the custody staff.

Plaintiff has not shown that Defendant Baldwin violated his Eighth Amendment rights or that her conduct was unreasonable. The Court should find that Defendant Baldwin is entitled to qualified immunity and should dismiss Plaintiff's claims against her.

### 4. Retaliation

The Plaintiff alleges in his affidavit that Defendant Baldwin targeted Plaintiff and prisoners who associated with Plaintiff for continuous harassment and badgering. (Docket no. 74, Plaintiff's affidavit at 4). He states that Defendant Baldwin destroyed "any correspondence against her regarding this complaint," issued contraband removal records for legal materials he had in his possession, and wrote cell check misconducts for harassment purposes. (Docket no. 74, Plaintiff's affidavit at 5). Defendant Baldwin did not respond to this allegation.

Prison officials may not retaliate against inmates who have engaged in constitutionally protected activities or conduct. *Thaddeus-X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). A retaliation claim has three elements: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there is a causal connection between elements one and two, i.e.,

the adverse action was motivated at least in part by the plaintiff's protected conduct. *Id*. The Plaintiff has the burden of proving all three elements.

Plaintiff's amended complaint states that Defendant Washington allowed Defendant Baldwin to remain in a position of authority over Plaintiff and allowed Defendant Baldwin to continue to victimize and harass Plaintiff with no supervision. (Docket no. 29 at 16). No other allegations are made in the Plaintiff's complaint or amended complaint that could be interpreted as relating to a claim of retaliation. Even construed liberally, the Court should find that Plaintiff's complaint and amended complaint do not raise a claim of retaliation against Defendant Baldwin. Furthermore, Plaintiff stated in a medical kite form addressed to the grievance counselor that he may have a possible retaliation claim against Defendant Baldwin. (Docket no. 74, prisoner kite at 1). However, when he amended the grievance he did not include a claim of retaliation. (Docket no. 74, Step I Grievance). Therefore, even if his amended complaint could be read to include a retaliation claim against Defendant Baldwin, Plaintiff has not exhausted his administrative remedies with regard to this claim.

### III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 25, 2010         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Siler and Counsel of Record on this date.

Dated: January 25, 2010         s/ Lisa C. Bartlett
                                Courtroom Deputy

10