UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SILER,

      Plaintiff,                      Case No. 08-CV-15077-DT

v.                                Honorable Patrick J. Duggan

W. BALDWIN, REBECCA J. ROBINSON,
WHIPPLE, PATRICIA L. CARUSO,
KAREN R. HALLIDAY, C. WASHINGTON,
K. MORGAL, DAVID L. BERGH, J.
ARMSTRONG, and JOHN DOE,

      Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 16, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Robert Siler ("Plaintiff"), a former state prisoner, filed this civil action against

defendants pursuant to 42 U.S.C. § 1983 on December 9, 2008.  In his complaint,

Plaintiff alleges that defendants violated his Eighth Amendment rights when he was

denied medical treatment after he fell out of his bed, hit his head on the concrete floor,

and aggravated a pre-existing spinal injury on July 28, 2008.  This Court referred all

pre-trial proceedings in this case to Magistrate Judge Mona K. Majzoub on March 9,

2009.  As part of the pre-trial proceedings, Magistrate Judge Majzoub considered a

motion for summary judgment filed by Defendant Baldwin on October 30, 2009.[1]

Magistrate Judge Majzoub also considered applications for the appointment of counsel

and motions to compel discovery filed by Plaintiff.

On January 25, 2010, Magistrate Judge Majzoub issued a Report and

Recommendation ("R&R") recommending that this Court grant Baldwin's motion for

summary judgment and a separate order denying Plaintiff's applications for appointment

of counsel. The next day, Magistrate Judge Majzoub issued an order denying Plaintiff's

motions to compel.[2]

On February 5, 2010, Plaintiff filed objections to the R&R. On February 9, 2010,

Plaintiff filed an appeal of Magistrate Judge Majzoub's orders denying appointment of

counsel and Plaintiff's motions to compel discovery.

## I. Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court

de novo. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D.

Mich. 2001). The Court, however, "is not required to articulate all of the reasons it

rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d

87, 92 (6th Cir. 1986). As to non-dispositive issues, Magistrate Judge Majzoub's orders

will only be set aside if "found to be clearly erroneous or contrary to law." Fed. R. Civ.

---

[1]Defendant's Whipple, Caruso, Halliday, Washington, Morgal, Bergh, and Armstrong were dismissed without prejudice by order of this Court on October 8, 2009.

[2]Plaintiff also filed a motion to amend his first motion to compel. Magistrate Judge Majzoub's January 26, 2010, order also granted Plaintiff's motion to amend.

P. 72(a).

## II. Objections to the R&R

Plaintiff presents five objections to Magistrate Judge Majzoub's R&R. First, Plaintiff objects to Magistrate Judge Majzoub's statement that he failed to specifically identify the material facts he believes he will uncover if he is allowed more time to conduct discovery. (R&R at 4.) Second, Plaintiff objects to Magistrate Judge Majzoub's conclusion that he had adequate opportunity for discovery and that sufficient evidence was presented to allow the Court to decide the pending motion for summary judgment. (*Id.*) Third, Plaintiff objects to Magistrate Judge Majzoub's holding that his claim against Baldwin in her official capacity is barred by the Eleventh Amendment. (*Id.* at 5.) Fourth, Plaintiff objects to Magistrate Judge Majzoub's finding that Baldwin did not violate his Eighth Amendment rights and is entitled to qualified immunity. (*Id.* at 5-8.) And fifth, Plaintiff objects to Magistrate Judge Morgan's recommendation that any retaliation claim against Baldwin be dismissed. (*Id.* at 8-9.) The Court addresses these objections below.

## A. Discovery and the Pending Motion for Summary Judgment

Plaintiff's first objection to the R&R is that it incorrectly concludes that he failed to specifically identify facts he believes he will uncover if additional discovery is granted. Plaintiff asserts that he specifically indicated in a sworn affidavit that additional discovery would allow him to prove that Baldwin, the Resident Unit Officer to whom Plaintiff reported his fall from bed, lied about his condition and whereabouts in order to deny and delay medical treatment. Raising a related issue, Plaintiff argues in his second objection

3

that it is unlawful to decide the motion for summary judgment before he has been afforded an adequate opportunity to conduct discovery.

As discussed in more detail below, the Court believes that Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Baldwin's statements concerning Plaintiff's condition and whereabouts resulted in the delay of medical treatment for a serious medical need. This requires that Baldwin's motion be denied, at least in part. So while Plaintiff may be entitled to additional discovery as this case proceeds, there is no reason to delay a decision on the motion at this time.

## B. Official Capacity and Eleventh Amendment

In his third objection, Plaintiff argues that 42 U.S.C. § 1983 allows him to sue Baldwin in her official capacity regardless of the Eleventh Amendment. Plaintiff's objection lacks merit.

"The Eleventh Amendment generally bars suits by citizens of a state against a state in federal court."[3] *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 (6th Cir. 2008). Furthermore, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2311 (1989). As noted by Magistrate Judge

---

[3]Although the text of the Eleventh Amendment refers explicitly to suits "commenced or prosecuted . . . by Citizens of another State," U.S. Const. amend XI, "the doctrine of sovereign immunity categorically prohibits such suits against a state by one of its own citizens." *Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007).

Majzoub, the State of Michigan has not waived its Eleventh Amendment immunity from § 1983 civil rights lawsuits filed in federal court. (R&R at 5 (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)).) Therefore, Plaintiff's claims against Baldwin in her official capacity are barred by the Eleventh Amendment.

## C. Eighth Amendment and Qualified Immunity

In his fourth objection, Plaintiff argues that Magistrate Judge Majzoub erroneously concluded that he failed to support his claim for an Eighth Amendment violation and that Baldwin is protected by qualified immunity. To sustain an Eighth Amendment claim of cruel and unusual punishment based on inadequate medical treatment, Plaintiff must demonstrate that Baldwin acted with deliberate indifference to his serious medical needs. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Based on conflicting evidence submitted by the parties, Magistrate Judge Majzoub concluded that there exists a genuine issue of material fact as to whether Plaintiff suffered an obvious and objectively serious medical need after falling out of his bunk bed. (R&R at 6.) The Court agrees with this analysis.

Nonetheless, Magistrate Judge Majzoub recommended that the Court grant Baldwin's motion for summary judgment on grounds that Baldwin failed to demonstrate deliberate indifference to Plaintiff's medical need. Specifically, the R&R notes that it is the responsibility of the health services staff to decide how to respond to reported medical emergencies and that Baldwin, a resident unit officer, fulfilled her duties by reporting Plaintiff's complaint to the health services staff. According to an affidavit submitted by

Baldwin, she called a member of the health services staff to report Plaintiff's complaint but health services staff indicated that Plaintiff had just been to the med window and was not experiencing a medical emergency. Baldwin also attests that she observed Plaintiff walking in and out of the yard and interacting with other inmates with no signs of distress or discomfort. Baldwin's affidavit is generally supported by an entry in the prison log book on the date of Plaintiff's injury.

Although these pieces of evidence support Magistrate Judge Majzoub's recommended dismissal, the Court must view the record evidence in the light most favorable to Plaintiff in deciding this motion. According to Plaintiff's affidavit and a progress note made by Rebecca Robinson, the nurse who answered Baldwin's call, Baldwin spoke with Robinson on two separate occasions. During the first call, Robinson indicated that she needed to consult with management regarding the proper response to Plaintiff's complaint. Robinson then placed a return call to Baldwin to inform her that health services would be coming with a wheelchair to retrieve Plaintiff. Baldwin, however, informed Robinson that Plaintiff went "to rec court with basketball . . . ." As a consequence, health services did not assess Plaintiff's condition until August 7, 2008—ten days after he fell from the bunk bed. Plaintiff alleges that Baldwin knew that he was waiting for the response from health services in the chair nearest to her office and that she lied when she informed health services that he had gone to the rec court with a basketball. Plaintiff also submitted an affidavit from another prisoner who witnessed some of Plaintiff's interactions with Baldwin and attested to his whereabouts at the

6

relevant times.

Viewing this evidence in the light most favorable to Plaintiff, there remains a genuine issue of material fact as to whether Baldwin acted with deliberate indifference to Plaintiff's serious medical need. If Baldwin knew that Plaintiff was suffering from a serious medical need and that he was waiting near her office for a response from health services but nonetheless informed health services that he was off on the basketball courts to interfere with what would otherwise have been an immediate response by health services, those facts would indicate deliberate indifference. *See, e.g.*, *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (explaining the required proof to establish deliberate indifference). Furthermore, Plaintiff's right to be free from cruel and unusual punishment in the form of deliberate indifference to a serious medical need is a clearly established constitutional right. *See, e.g.*, *Scicluna v. Wells*, 345 F.3d 441, 446 (6th Cir. 2003). It would be objectively unreasonable then for Baldwin to have intentionally interfered with Plaintiff's receipt of treatment while suffering from a serious medical need. Therefore, if Plaintiff succeeds in proving the facts described above, Baldwin will not be protected from Plaintiff's claim by qualified immunity. *See id.* at 445 (explaining qualified immunity). Under these facts, Baldwin's motion for summary judgment as to Plaintiff's Eighth Amendment claim must be denied.

**D. Retaliation**

Finally, Plaintiff objects to Magistrate Judge Majzoub's recommendation that the Court dismiss any retaliation claim asserted by Plaintiff. Having carefully reviewed

Magistrate Judge Majzoub's reasoning, Plaintiff's objection, and Plaintiff's amended complaint, the Court agrees with Magistrate Judge Majzoub's conclusion that Plaintiff failed to adequately allege a retaliation claim in this case. Therefore, any such claim is dismissed.

## III. Appeals of Non-Dispositive Orders

As previously indicated, Plaintiff also appeals Magistrate Judge Majzoub's orders denying his motions to compel discovery and applications for appointment of counsel. In the order denying the motions to compel, Magistrate Judge Majzoub noted that Baldwin's counsel denies being served with discovery requests. Magistrate Judge Majzoub also advised that, in the future, Plaintiff should serve his discovery requests directly on defense counsel as provided for by the Federal Rules of Civil Procedure. (January 26, 2010, Order at 2.) In light of this Court's partial denial of Baldwin's motion for summary judgment, it may be appropriate for Plaintiff to seek additional discovery. The Court therefore directs Plaintiff to serve his reasonable discovery requests on defense counsel as suggested by Magistrate Judge Morgan.

As to Plaintiff's applications for appointment of counsel, the Court agrees with Magistrate Judge Majzoub that Plaintiff has no constitutional right to the appointment of counsel and has, to date, adequately represented his own interests in this case. (January 25, 2010, Order at 1-2.) Given this Court's partial denial of Baldwin's motion for summary judgment, however, the Court believes that appointment of counsel for Plaintiff could assist all involved in obtaining an efficient, expedient, and just resolution.

Therefore, the Court will take the matter under advisement and, in the meantime, refer the case to the Court's *pro bono* program administrator to determine whether counsel can be located that will agree to represent Plaintiff. Upon response from the *pro bono* program administrator, the Court will enter an order either granting or denying Plaintiff's applications.

## IV. Conclusion

Plaintiff failed to properly allege a claim of retaliation against Baldwin and his claim against Baldwin in her official capacity is barred by the Eleventh Amendment. Nonetheless, there remains a genuine issue of material fact as to whether Baldwin acted with deliberate indifference to a serious medical need suffered by Plaintiff. Therefore, Baldwin's motion for summary judgment must be denied as to Plaintiff's 42 U.S.C. § 1983 claim alleging violation of his Eighth Amendment rights by Baldwin in her individual capacity. In regard to the future progress of this case, the Court agrees with Magistrate Judge Majzoub's analysis of Plaintiff's motions to compel and takes his applications for appointment of counsel under advisement.

Accordingly,

**IT IS ORDERED** that Baldwin's motion for summary judgment is **GRANTED IN PART** as to Plaintiff's claim against Baldwin in her official capacity and his claim for retaliation.

**IT IS FURTHER ORDERED** that Baldwin's motion for summary judgment is **DENIED IN PART** as to Plaintiff's 42 U.S.C. § 1983 claim alleging an Eighth

Amendment violation.

**IT IS FURTHER ORDERED** that Plaintiff's applications for appointment of counsel are **TAKEN UNDER ADVISEMENT**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel discovery are **DENIED WITHOUT PREJUDICE**.  Plaintiff shall serve his reasonable discovery requests directly on defense counsel.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies To:
Robert Siler
P.O. Box 581
Grand Haven, MI 49417

Allen J. Soros, Esq.