UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SILER,

    Plaintiff,

v.

                                            Case No. 08-15077

W. BALDWIN, REBECCA J. ROBINSON,
WHIPPLE, PATRICIA L. CARUSO,         Honorable Patrick J. Duggan
KAREN R. HALLIDAY, C.
WASHINGTON, K. MORGAL, DAVID L.
BERGH, J. ARMSTRONG, and JOHN
DOE
    Defendants.
                                      /

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 26, 2010.

PRESENT:         THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Robert Siler ("Plaintiff"), a former state prisoner, filed this civil action against defendants pursuant to 42 U.S.C. § 1983 on December 9, 2008. In his complaint, Plaintiff alleges that defendants violated his Eighth Amendment rights when he was denied medical treatment after he fell out of his bed, hit his head on the concrete floor, and aggravated a pre-existing spinal injury on July 28, 2008. On March 16, 2010, this Court issued an Opinion and Order ("Opinion") denying, in part, Defendant Baldwin's motion for summary judgment. On March 24, 2010, Baldwin filed a motion for reconsideration of the partial denial of her motion for summary judgment.

**I. Standard of Review**

Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect. "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). Indeed, "[w]hatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.1977)). Where the movant for reconsideration asserts "nothing new-except his displeasure-this court has no proper basis upon which to alter or amend the order previously entered." *Id.*

**II. Analysis**

In support of her motion for reconsideration, Baldwin asserts that the Court's statement that "health services did not assess Plaintiff's condition until August 7, 2008—ten days after he fell from the bunk bed" amounts to a palpable defect in the Opinion. (*See* Opinion at 6.) Baldwin specifically argues that Plaintiff was seen by a physician from health services for a physical exam within three hours of Plaintiff's initial contact with Baldwin. (Mot. for Reconsideration at 2.) Baldwin made the same argument

in her reply to Plaintiff's response to the motion for summary judgment. (Baldwin's Reply at 3.) In both filings, Baldwin cites to physician notes by Dr. Qayyum dated *July 25, 2008*, as evidence of her claim. (*See* Pl.'s Resp. to Baldwin's Mot. for Summ. J., Docket No. 74-2 at 17.) The problem with this evidence is that the physician's notes describe a physical examination that took place three days *before* Plaintiff's injury, rather than three hours *after*.[1] The Court is unaware of any other record evidence that would support Baldwin's claim that Plaintiff underwent a physical examination less than three hours after his injury.

The remainder of Baldwin's motion for reconsideration is premised on the assumption that Plaintiff received medical care less than three hours after contacting Baldwin on July 28, 2008, and merely presents further elaborations of arguments submitted to the Court in prior briefing. Because the record evidence fails to support Baldwin's claim regarding the provision of health services or to establish any other palpable defect, there is no basis for the Court to alter or amend the previous Opinion.

Accordingly,

**IT IS ORDERED** that Baldwin's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:

---

[1] After receiving Baldwin's reply brief and before issuing the Opinion, the Court checked and re-checked the exhibit cited by Baldwin. Having reviewed the evidence again, the Court remains unconvinced that a document dated July 25, 2008, reflects a physical examination on July 28, 2008—the date of Plaintiff's injury complaint. Baldwin has offered no evidence to suggest that the date reflected in the physicians notes was recorded in error.

Robert Siler
P.O. Box 581
Grand Haven, MI 49417

Allen J. Soros, Esq.