**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT SILER,**

      **Plaintiff,**           **CIVIL ACTION NO. 08-CV-15077**

  vs.

                                     **DISTRICT JUDGE PATRICK J. DUGGAN**

**W. BALDWIN, et al.,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 133)</u>**

This matter comes before the Court on Plaintiff's Motion to Compel Answers To Interrogatories And Requests For Production Of Documents. (Docket no. 133). The motion is fully briefed. All pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth Amendment rights were violated when he was denied medical treatment after he fell out of bed and hit his head on the concrete floor at the Cooper Street Correctional Facility in Jackson, Michigan. Plaintiff states that he served his First Interrogatories and First Requests for Production of Documents upon Defendant Baldwin on October 14, 2010. (Docket no. 133). Defendant Baldwin served written responses and objections to the requests on November 10, 2010. (Docket no. 133, Ex. A). Plaintiff now moves for an order compelling Defendant Baldwin to more fully respond to Interrogatories nos. 4(d), 5, 6, 7, 8 and 9 and Requests

1

for Production nos. 1, 3, 4 6, 8, and 10.

Interrogatory no. 4 asks Defendant Baldwin to provide information concerning her employment history from 1992 to present including her reason for termination or resignation from any employer. Defendant Baldwin listed the names of her employers but neglected to indicate the reason for termination or resignation as requested in subsection (d). Plaintiff now argues that Defendant Baldwin failed to state the reason for termination, resignation, *or transfer* from the Charles Egeler Reception Center. Defendant Baldwin argues that she was not terminated and did not resign, but that she should not be compelled to identify reasons for her transfer because Interrogatory no. 4 does not ask for this information. The Court is satisfied with Defendant Baldwin's response that she has not resigned or been terminated from employment from 1992 to present. Interrogatory no. 4 does not ask Defendant Baldwin to state the reason for her transfer. The Court will not order Defendant Baldwin to provide further response to Interrogatory no. 4.

Interrogatory no. 5 asks Defendant Baldwin if she was disciplined or reprimanded by an employer from 1992 to present and, if so, to identify the employer, the reason for the discipline, and any documents evidencing the discipline. Interrogatory no. 6 asks Defendant Baldwin to identify every psychiatrist, psychologist, or mental health care provider who has examined or treated Defendant Baldwin in the past fifteen years. Interrogatory no. 7 asks Defendant Baldwin whether she has ever been treated for anger management. Interrogatory no. 8 asks Defendant Baldwin for information concerning whether she has ever been convicted or pled no contest to a misdemeanor or felony offense. Interrogatory no. 9 asks Defendant Baldwin for information concerning whether she has ever been a party to another lawsuit.

Defendant Baldwin objects to Interrogatories 5, 6, 7, 8, and 9 on the grounds of relevance,

and argues that the Interrogatories are meant solely to harass. She also objects to the Interrogatories on the grounds that they ask for personal information which if disclosed may compromise the security of the prison system. In addition, Defendant Baldwin argues that Interrogatory no. 9 is overbroad. The Court finds that Interrogatories nos. 5, 6, 7, 8, and 9 are overbroad and request information that is not relevant to the specific claims and defenses in this litigation. Plaintiff's motion to compel is denied as to these Interrogatories.

Request for Production no. 1 asks Defendant Baldwin to produce all documents referenced in or used to draft Defendant's answers to Plaintiff's Interrogatories. Plaintiff argues that Defendant Baldwin should be compelled to supplement her response to Request for Production no. 1 after correcting the deficiencies in her responses to Plaintiff's Interrogatories. The Court will deny Plaintiff's motion as to Request for Production no. 1 since Defendant Baldwin will not be ordered to provide additional responses to Interrogatories nos. 4, 5, 6, 7, 8, or 9.

Request for Production no. 3 asks Defendant Baldwin to produce Plaintiff's MDOC prisoner file. Defendant Baldwin objects on the grounds that she does not have possession, custody, or control over MDOC prisoner files. Defendant Baldwin also responds that although she has no personal access to Plaintiff's file, the MDOC has agreed to make Plaintiff's file available for inspection and will provide copies after redacting information it deems sensitive. Plaintiff now requests that the Court enter a protective order between Plaintiff and Defendant Baldwin so that redactions made to his MDOC file are not excessive.

Plaintiff has not shown that Defendant Baldwin has redacted or threatened to redact any information from the Plaintiff's MDOC prisoner file, or that she has any input or control over what information the MDOC will redact from the Plaintiff's file. Defendant Baldwin asserts that she does

not have possession, custody, or control over Plaintiff's MDOC file and Plaintiff has not shown otherwise. The Court cannot compel Defendant Baldwin to produce documents which she does not have in her possession, custody, or control. *See* Fed.R.Civ.P. 34(a)(1) and 37. Plaintiff's motion will be denied as to Request for Production no. 3.

Request for Production no. 4 asks Defendant Baldwin to produce Plaintiff's MDOC medical file. Request for Production no. 6 asks Defendant Baldwin for the Healthcare Log Book from the MDOC's Cooper Street Correctional Facility for July 26, 2008 - August 15, 2008. Defendant Baldwin objects in part on the grounds that she does not have control, custody, or possession of Plaintiff's medical file or of the MDOC logbooks. The Court will deny Plaintiff's motion as to Requests for Production nos. 4 and 6.

Request for Production no. 8 asks Defendant Baldwin to produce the MDOC personnel file of Defendant Baldwin. Defendant Baldwin objects to this request for a number of reasons, including that the request seeks information that is not relevant and is solely intended to harass Defendant Baldwin. The Court finds that Request for Production no. 8 asks Defendant Baldwin to produce information that is not relevant to the specific claims and defenses in this litigation. Plaintiff's motion to compel is denied as to this request.

Request for Production no. 10 asks Defendant Baldwin to produce all grievances and/or complaints filed by Plaintiff against Defendant Baldwin. Defendant Baldwin objects on the grounds that the request is overbroad and seeks information that is not relevant to this action. Defendant Baldwin also contends that Plaintiff's burden in obtaining his grievances and complaints is significantly less than Defendant Baldwin's burden because Plaintiff filed the grievances and retained copies. Finally, Defendant Baldwin asserts that as a corrections officer she is not given

4

copies of grievances which are filed against her.  Plaintiff has not shown that Defendant Baldwin has the requested documents in her possession, custody, or control.  Plaintiff's motion will be denied as to Request for Production no. 10.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers To Interrogatories And Requests For Production Of Documents (docket no. 133) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 9, 2011                          s/ Mona K. Majzoub
                                              MONA K. MAJZOUB
                                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 9, 2011                          s/ Mona K. Majzoub
                                              Case Manager

5