UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Robert Siler, #374576,**

       **Plaintiff,**         **Civil Action No. 08-15077**

    **vs.**                   **District Judge Patrick J. Duggan**

**W. Baldwin, et al.,**       **Magistrate Judge Mona K. Majzoub**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendants Wendy Baldwin and Rebecca Robinson's motion for summary judgment on Plaintiff Robert Siler's First Amendment claim against Defendant Baldwin and his Eighth Amendment claim against Defendant Robinson. (Dkt. 145.) The Court has been referred all pre-trial proceedings, has reviewed the pleadings, dispenses with oral argument, and issues this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] (Dkt. 11.)

**I.    Recommendation**

Because the Court finds that Plaintiff is required to exhaust his administrative remedies before he files suit or adds new claims in federal court, and Plaintiff has failed to do so, the Court recommends that Defendants' motion for summary judgment be **GRANTED**.

**II.    Report**

    **A.    Background**

On December 9, 2008, Plaintiff filed this prisoner civil rights action against various

---

[1]The Court dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2)

1

defendants, including those who are the subject of this motion, Defendants Baldwin and Robinson. (Dkt. 1, Compl.) Plaintiff was a prisoner at the time he filed this case.

Against Defendant Baldwin, Plaintiff asserted a 42 U.S.C. § 1983, Eighth Amendment failure to provide adequate medical to care. Plaintiff alleged that Defendant Baldwin falsely reported the severity of an injury that Plaintiff suffered. As a result of the false reporting, Plaintiff alleged that he did not receive necessary medication and therapy. (Compl. at 4.) Also as a result of Defendant Baldwin's conduct, Plaintiff alleged that the Cooper Street Correctional Facility Health Services denied and refused him proper medical attention.

Against Defendant Robinson, Plaintiff also asserted a 42 U.S.C. § 1983 Eighth Amendment failure to provide adequate medical care claim. Plaintiff alleged that Defendant Robinson refused to provide him with emergency care, without examining him, and also entered Defendant Baldwin's allegedly false statement as fact in Plaintiff's medical file. (Compl. at 6.)

On March 3, 2010, Plaintiff was released on parole. (Defs.' Mot. for Summ. J. at 4, n 1.)

On December 9, 2010, Plaintiff moved the Court to file an amended complaint, adding a First Amendment retaliation claim against Defendant Baldwin in addition to the Eighth Amendment claims against Defendants Baldwin and Robinson. (Dkt. 129.) The Court granted Plaintiff's motion. (Dkt. 140.)

**B.  Analysis**

This motion for summary judgment presents one issue: does the Prison Litigation Reform Act of 1995(PLRA) require Plaintiff to have exhausted his administrative remedies when he was out on parole at the time he filed his second amended complaint, adding a new claim against Defendant Baldwin and reasserting his claim against Defendant Robinson, although Plaintiff was a prisoner at

the time he filed his original complaint. Defendants argue that Plaintiff had to file a grievance for Plaintiff's First Amendment retaliation claim against Defendant Baldwin and his Eighth Amendment claim against Robinson, but he did neither. Because he did not file a grievance as to those two claims, Defendants argue that the court must dismiss those claims, and thus Defendant Robinson from this case. Plaintiff argues that the PLRA does not require him to exhaust his administrative remedies because he filed his second amended complaint when he was no longer a prisoner.

### 1. The PLRA requires a prisoner to exhaust the administrative remedies available to him

The PLRA requires a prisoner to exhaust the administrative remedies available to him. The PLRA's exhaustion provision specifically states that:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is a "strong one." *Napier v. Laurel Cnty., KY*, 636 F.3d 218, 222 (6th Cir. 2011). The requirement requires a plaintiff to exhaust his remedies even if he "subjectively believes the remedy is not available, when the state cannot grant him the relief he request, or even when the plaintiff believes the requirement would be ineffectual or futile." *Id.* (quotation marks and citations omitted).

### 2. A plaintiff's status as a prisoner is determined at the time the plaintiff files suit

The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). A court determines whether a plaintiff is prisoner, and therefore whether the plaintiff

3

has to exhaust his administrative remedies, at the time the plaintiff files the complaint. *See Marby v. Freeman*, 489 F.Supp.2d 782, 785 (E.D.Mich. 2007) (Zatkoff, J.) ("[T]he PLRA clearly and unambiguously limits the application of the exhaustion requirements to plaintiffs who are confined, incarcerated or detained in prison for criminal violations *at the time suit is filed*."(emphasis added) (And holding that, because the plaintiff was not a prisoner at the time he filed his complaint, the exhaustion requirement did not apply to him.)). *See also Perez v. Westchester Cnty. Dep't of Corr.*, 587 F.3d 143, 155 (2d Cir. 2009) (stating, "the text of the PLRA, although not entirely unambiguous, is most naturally read as referring solely to a plaintiff's status at the time of the *filing*, not at subsequent stages of the proceedings.").

### 3. An amended complaint after a plaintiff is released from prison does not release a plaintiff from having to exhaust his administrative remedies

Although Plaintiff argues that his status as a parolee and his filing of the amended complaint absolves him of exhausting the administrative remedies available to him, his argument fails. The Sixth Circuit has discussed this issue and has held that a supplemental pleading cannot change a former prisoner-plaintiff's status, relieving the prisoner-plaintiff of the PLRA's exhaustion requirement.

In *Cox v. Mayer*, 332 F.3d 422, 423 (6th Cir. 2003), the plaintiff filed suit while he was a prisoner, did not exhaust the administrative remedies available to him, and subsequently was released from prison. The district court noted that the plaintiff did not exhaust his administrative remedies and dismissed the case without prejudice. *Id*. at 424. The plaintiff then filed a motion for reconsideration; in the motion, he informed the district court that he was no longer a prisoner. *Id*. The plaintiff argued therefore that he had no administrative remedies to exhaust. *Id*. The district

4

court granted the plaintiff's motion and found that dismissing the complaint without prejudice would not serve judicial economy, as the plaintiff could simply refile his claims without exhausting his administrative remedies. *Id*.

The Sixth Circuit phrased the issue as: "whether a federal district court must dismiss an action filed by a plaintiff prisoner who does not exhaust his administrative remedies before filing suit . . . where the prisoner was subsequently released from prison such that, when the court considers the motion to dismiss for failure to exhaust, [the] plaintiff is no longer a prisoner." *Id*.

The Sixth Circuit held that if a plaintiff is a prisoner when he files suit, then the PLRA's exhaustion requirement applies to him, regardless of his status as a prisoner for the remainder of the case. *Id*. at 425. The Sixth Circuit reasoned that, although dismissal without prejudice may be burdensome on a plaintiff in some cases, "to excuse [a] plaintiff's duty to exhaust in every instance would encourage all prisoners nearing completion of their sentences to eschew the grievance process in favor of the courts." *Id*. at 427. The Sixth Circuit found that that abuse would be unreasonable. *Id*.

The Sixth Circuit also addressed the plaintiff's suggestion that a supplemental pleading could cure the plaintiff's failure to exhaust his administrative remedies. *Id*. at 428. The Sixth Circuit rejected that suggestion "because a procedural rule cannot overrule a substantive requirement or restriction contained in a statute." *Id*. (quotation marks and citation omitted). There, a supplemental pleading could not change the plaintiff's status as a prisoner when the action was filed; nor could the supplemental pleading excuse the plaintiff from the PLRA's exhaustion requirement.

Here, Plaintiff argues that *Cox* should not guide the Court's reasoning, because the *Cox* plaintiff never filed an amended complaint. (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 8-9.) But

5

Plaintiff does not address the Sixth Circuit's discussion that a supplemental pleading could not change a plaintiff's prisoner status nor absolve the prisoner from the PLRA's exhaustion requirement. Given the Sixth Circuit's discussion, the Court rejects Plaintiff's argument as contrary to what the Sixth Circuit would hold.

Federal courts around the country have also found that once a prisoner-plaintiff files a complaint as a prisoner, that plaintiff retains that status as a prisoner for the duration of the case. *See Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000) (stating, "[t]he reason [] an amendment or supplement makes no difference is that . . . the confinement status of the plaintiffs at any time after the lawsuit is filed is beside the point. The status that counts, and the only status that counts . . . is whether the plaintiff was a [prisoner] at the time the federal civil action was .. . filed."). An amended complaint reflecting a parole therefore does not change the prisoner status. *See Ahmed v. Dragovich*, 297 F.3d 201, 209 (3d Cir. 2002) (holding that a former prisoner-plaintiff's motion to amend the complaint to reflect his release from prison, to cure the district court's dismissal for the plaintiff's failure to exhaust administrative remedies, was futile. And also stating, "[a]lthough [the plaintiff] would have been free of the strictures of the PLRA if he had filed a timely complaint after his release from prison, he is bound by the PLRA because he suit was filed [while he was in prison.]" *Id*. at 210.), *and Prescott v. Annetts*, 09-4435, 2010 WL 3020023, at *3-4 (S.D.N.Y. July 22, 2010) (rejecting the plaintiff's argument that since he filed an amended complaint after he was released from prison he was released from the PLRA's exhaustion requirement. The court found that the PLRA's plain language "dictates that the determination of whether a plaintiff is a prisoner–and therefore subject to the exhaustion requirement–is made when the initial complaint is filed."). *See also Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002) (holding, "when [the plaintiff]

6

filed his complaint, he was a prisoner, who had access to [the] administrative grievance system. That he is no longer a prisoner at the time of this appeal does not excuse him from the exhaustion requirement since exhaustion is a precondition to the filing of a complaint in federal court.").

Plaintiff himself recognizes that the PLRA applies to "plaintiffs who are confined, incarcerated, or detained in prison at the time [his or her] claims are brought." (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 6, citing *Marby*, 489 F.Supp.2d at 785.) But Plaintiff argues that an amended complaint 'resets' his status for PLRA purposes. Plaintiff does offer several cases that have held so.

In *Gibson v. Comm'r of Mental Health*, 04-4350, 2006 WL 1234971, at *6 (S.D.N.Y. May 8, 2006), the court noted that the plaintiff filed an amended complaint after he was released from prison. *Id.* at *6. But the court there deemed the amended complaint to be a new filing. *Id.* In holding so, that court stated "[t]o dismiss [the plaintiff's c]omplaint on PLRA grounds would constitute a victory of form over substance," as the court would allow the plaintiff to immediately refile his claim as a non-prisoner without needing to exhaust his administrative remedies. *Id. See also Prendergast v. Janecka*, 00-3099, 2001 WL 793251 (E.D.Pa. July 10, 2001) (finding that the PLRA's exhaustion requirement no longer applied because the prisoner-plaintiff was released from prisoner when he filed his amended complaint; and the amended complaint replaced any function of the original complaint) *and Minix v. Pazera*, 06-398, 2007 WL 4233455 (N.D.Ind. Nov. 28, 2007) (also finding that the PLRA's exhaustion requirements did not apply to an amended complaint filed after a prisoner-plaintiff was no longer incarcerated).

Despite these persuasive, but not binding, cases from other jurisdictions, the Court finds that

the Sixth Circuit's language is strong enough to withstand the influential value of Plaintiff's unpublished opinions.

> **4.   A prisoner must still exhaust new claims that he brings after the original complaint's filing in order to bring those claims in federal court**

Although Plaintiff argues that the PLRA does not apply to claims that arose after and were filed after the initial complaint, the Court does not agree. Given the Sixth Circuit's holding in *Cox*, and case law, the PLRA's requirement is strong enough to require him to even exhaust his administrative remedies for claims that arose after the initial complaint and after he is no longer in prison. *See Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010) (holding that the prisoner plaintiff may file an amended complaint asserting new claims that arose after the original pleading, if the prisoner-plaintiff satisfied the PLRA's exhaustion requirement by exhausting the new claims before filing the second amended complaint.). If Plaintiff wanted to avoid the exhaustion requirement as to his First Amendment claim against Defendant Baldwin, he could have filed a new complaint, but he chose to amend this one. An amended pleading and complaint filed in the Sixth Circuit, as discussed above, does not change Plaintiff's status as a prisoner.

> **5.   Because Plaintiff failed to exhaust his claim against Defendant Robinson and his First Amendment claim against Baldwin, his claims should be dismissed**

Here, then, Plaintiff has failed to show that he exhausted his administrative remedies, as the PLRA requires him to do. Plaintiff did not file an administrative grievance for his First Amendment retaliation claim against Defendant Baldwin. (Defs.' Mot. for Summ. J., Ex. A, Pl.'s Dep. at 86-87.) In fact, the only grievance he filed was against Defendant Baldwin for the Eighth Amendment claim. (*Id.*) And Plaintiff's administrative grievance does not mention Defendant Robinson. (Defs.' Mot. for Summ. J., Ex. B, Administrative Grievance.) Because he failed to take advantage of the

8

grievance process, his claim against Defendant Robinson and his Eighth Amendment claim against Defendant Baldwin fail.

### C. Conclusion

For the above-state reasons, the Court **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED** and that Defendant Robinson be **DISMISSED** from this case and that the First Amendment retaliation claim be **DISMISSED** from Plaintiff's claims.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised

in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 7, 2011    s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated:  October 7, 2011    s/ Lisa C. Bartlett
Case Manager