UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SILER,

    Plaintiff,

v.

                              Case No. 08-15077

W. BALDWIN, REBECCA J. ROBINSON,
WHIPPLE, PATRICIA L. CARUSO,        Honorable Patrick J. Duggan
KAREN R. HALLIDAY, C. WASHINGTON,
K. MORGAL, DAVID L. BERGH, J.
ARMSTRONG, and JOHN DOE,

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 20, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On December 9, 2008, Robert Siler ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. At the time this suit was filed, Plaintiff was a prisoner incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Proceeding *pro se* and *in forma pauperis*, he asserted that corrections officer Wendy Baldwin had interfered with his access to medical care, in violation of the Eighth Amendment to the United States Constitution. Plaintiff also brought an Eighth Amendment claim against nurse Rebecca Robinson, who had allegedly refused to provide medical care. The Court referred the case

to Magistrate Judge Mona K. Majzoub for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff was released on parole, and on June 18, 2010, the Court appointed counsel to represent him. On December 9, 2010, Plaintiff moved to amend his Complaint to add a retaliation claim against Defendant Baldwin. Magistrate Judge Majzoub granted this motion, and Plaintiff filed his Second Amended Complaint on March 10, 2011.

Before the Court is a motion for summary judgment filed by Defendants Baldwin and Robinson (collectively, "Defendants"). In their motion, Defendants argue that the retaliation claim against Baldwin and the Eighth Amendment claim against Robinson should be dismissed for failure to exhaust administrative remedies.[1] Defendants request that Defendant Robinson should be dismissed from this action entirely. On October 7, 2011, Magistrate Judge Majzoub filed a Report and Recommendation ("R&R") in which she recommends that the Court grant Defendants' motion for summary judgment. Relying primarily on the Sixth Circuit's decision in *Cox v. Mayer*, 332 F.3d 422 (6th Cir. 2003), Magistrate Judge Majzoub concludes that the Prison Litigation Reform Act of 1995's ("PLRA") requirement that a plaintiff exhaust his administrative remedies must be applied if the plaintiff was incarcerated at the time he filed suit, regardless of whether the plaintiff amends his complaint after being released from custody. R&R 4-8. Because Plaintiff was a prisoner at the time he brought this action and failed to file grievances relating to the retaliation claim against Baldwin and the Eighth Amendment claim against Robinson,

---

[1] Defendants' motion does not seek summary judgment on the Eighth Amendment claim against Baldwin, as it is undisputed that Plaintiff filed a grievance relating to this claim.

2

Magistrate Judge Majzoub concludes that Defendants are entitled to summary judgment with respect to these claims. At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within ten days of service upon them. R&R 9 (citing *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)). Plaintiff has filed timely objections to the R&R.

Plaintiff argues that the United States Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), mandates that the exhaustion requirement be applied to his claims individually, rather than to the Complaint as a whole. Plaintiff contends that the proper inquiry is not whether the *lawsuit* was filed while he was a prisoner, but rather, whether each *individual claim* was filed while he was a prisoner. Because Plaintiff added the retaliation claim against Baldwin and the Eighth Amendment claim against Robinson in his Second Amended Complaint, which was filed after he was released on parole, he argues that the PLRA's exhaustion requirement does not apply to these claims.

The Court concludes that Plaintiff reads *Jones* too broadly. The *Jones* Court described the issue before it in the following terms:

> [T]he Circuits are divided over what the PLRA requires when both exhausted and unexhausted claims are included in a complaint. Some Circuits, including the Sixth Circuit, apply a "total exhaustion" rule, under which no part of the suit may proceed if any single claim in the action is not properly exhausted. Among Circuits requiring total exhaustion there is further disagreement over what to do if the requirement is not met. Most courts allow the prisoner to amend his complaint to include only exhausted claims, but the Sixth Circuit denies leave to amend, dismisses the action, and requires that it be filed anew with only unexhausted claims. Other Circuits reject total exhaustion altogether, instead dismissing only unexhausted claims and considering the rest on the merits.

3

*Id.* at 205-06, 127 S. Ct. at 915-16.  The Court considered the language of the PLRA, which provides that "[n]o action shall be brought" unless administrative procedures are exhausted.  42 U.S.C. § 1997e(a).  The Court held that this is mere boilerplate, and "such language has not been thought to lead to the dismissal of an entire action if a single claim fails to meet the pertinent standards."  *Jones*, 549 U.S. at 220, 127 S. Ct. at 924.  Thus, the Court concluded that the statute did not mandate total exhaustion, and it was improper for the lower courts to impose this requirement.  *Id.* at 223-24, 127 S. Ct. at 925-26.  The proper course of action, the Court held, was to dismiss the plaintiff's unexhausted claims and proceed with the exhausted claims.  *Id.*, 127 S. Ct. at 925-26.  *Jones* only prescribed the method to be used by the courts in carrying out the PLRA's exhaustion requirement; it did not set forth a rule to determine whether that requirement applies in the first place, as Plaintiff suggests.  Nowhere does *Jones* state that the relevant inquiry is whether the plaintiff was a prisoner when each of his specific claims was asserted.  Accordingly, the Court concludes that *Jones* is not controlling on the question at hand.

Plaintiff objects to Magistrate Judge Majzoub's reliance on *Cox v. Mayer*, arguing that the R&R misapplied that Sixth Circuit decision.  In *Cox*, the plaintiff asserted that he had been assaulted and forcibly medicated by prison officials.  332 F.3d at 423.  He filed suit under § 1983 while incarcerated, but was subsequently released from prison.  *Id.*  The defendants moved to dismiss, arguing that the plaintiff failed to exhaust his administrative remedies.  *Id.*  The district court initially granted the motion, but on the plaintiff's motion for reconsideration, changed course and denied the motion to dismiss.  The court did so on grounds of judicial economy, as the plaintiff could immediately refile his claims without

4

having to exhaust administrative remedies. *Id.* at 424.

On appeal, the Sixth Circuit began with the language of 42 U.S.C. § 1997e(a), which provides that "[n]o action shall be brought" by a prisoner under § 1983 with respect to prison conditions until administrative remedies have been exhausted. Citing the Eleventh Circuit's decision in *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2000) (en banc), the court concluded that an action is "brought" when it is filed. *Cox*, 332 F.3d at 424 n.1. Because the plaintiff was a prisoner when he filed suit, the court concluded that the action was one "brought" by a prisoner under § 1983, despite the plaintiff's subsequent release from prison. *Id.* at 424. The court rejected the plaintiff's judicial economy argument, despite that no efficiency would result from dismissing the case at hand:

> [G]iven that plaintiff's action has been pending in the district court for some time, and that to dismiss at this stage would have no net effect (because the dismissal is without prejudice, plaintiff could simply re-file), such a dismissal would indeed be judicially uneconomical. And yet, on the other hand, to stamp with the judicial imprimatur a district court's decision to excuse the statutory duty to exhaust would be not only to usurp the legislative function but also to prevent potentially frivolous suits from meeting an administrative death (as the statute intended). Viewed differently, the problem is one of incentive: though dismissal without prejudice may well be judicially uneconomical in the instant case, to excuse plaintiff's duty to exhaust in every instance would encourage all prisoners nearing completion of their sentences to eschew the grievance process in favor of the courts. Such prisoners would know that, no longer confined at the time the courts addressed their case, their failure to exhaust could be excused.

*Id.* at 426-27.

Magistrate Judge Majzoub did not err in concluding that Plaintiff had failed to satisfy the PLRA's requirements. A plaintiff's status as a prisoner for purposes of the statute is determined at the time he files suit, *Cox*, 332 F.3d at 424, and it is undisputed that on

5

December 9, 2008, when Plaintiff filed this suit, he was a prisoner.  Magistrate Judge Majzoub correctly concluded that the PLRA required Plaintiff to exhaust administrative remedies with respect to his claims.  Plaintiff's only administrative grievance did not mention the retaliation claim against Defendant Baldwin, nor did it raise any claim against Defendant Robinson.  Accordingly, Defendants must be granted summary judgment with respect to these claims.

   Plaintiff's next objection is that his filing of a Second Amended Complaint after being released from prison renders the PLRA's exhaustion requirement inapplicable to his suit.  The Court disagrees.  There appears to be no Sixth Circuit authority squarely on point, but *Cox* addressed the plaintiff's suggestion that a supplemental pleading under Federal Rule of Civil Procedure 15(d) might cure the plaintiff's failure to exhaust administrative remedies.  Noting that the plaintiff had not actually filed such a pleading, the court stated that even if he had done so, "the outcome would be no different . . . because a procedural rule 'cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one).'"  *Id.* at 428 (quoting *Harris*, 216 F.3d at 983).  The Court believes that allowing the amendment of Plaintiff's Complaint to defeat the PLRA's exhaustion requirement would run contrary to *Cox*'s reasoning.  While *Cox* addressed this question only in *dicta*, it appears to be the only Sixth Circuit authority on the issue.  Moreover, the *Harris* decision relied on by *Cox* concluded that amendment would not exempt the plaintiff from the PLRA's requirements:

> The reason such an amendment or supplement makes no difference is that . . . the confinement status of the plaintiffs at any time after the lawsuit is filed is beside the point.  The status that counts, and the only status that counts, for

6

>purposes of section 1997e(e) is whether the plaintiff was a "prisoner confined in a jail, prison, or other correctional facility" at the time the federal civil action was "brought," i.e., when it was filed.

216 F.3d at 981.

Plaintiff makes much of the distinction between a supplemental pleading filed under Rule 15(d) and an amended complaint filed under Rule 15(a). Plaintiff contends that once an amended complaint is filed, the prior complaint serves no further function in the case. While the prior complaint may serve no substantive purpose, it is clear that an amended pleading relates back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c). The date on which Plaintiff filed his suit, that is, the date of the original pleading, is the critical date in determining whether the PLRA's exhaustion requirement applies. *See Cox*, 332 F.3d at 424. Amendment of the Complaint therefore does not affect Plaintiff's status as a prisoner for purposes of the statute.

Magistrate Judge Majzoub's recommendation also accords with the public policy concerns identified by *Cox* and *Harris*. "Congress made confinement status at the time of filing the criterion, because that is the point at which the difference in opportunity costs was causing the problem Congress was trying to solve: the large number of filings." *Harris*, 216 F.3d at 978 (noting that because prisoners initially pay a reduced filing fee and have free time, they are more likely to file meritless suits). The PLRA allows a prisoner to proceed *in forma pauperis* and provides for the appointment of an attorney by the court in some circumstances. *See* 28 U.S.C. § 1915. Plaintiff has taken advantage of these options due to his status as a prisoner at the time he filed suit. The statute, however, also requires a litigating prisoner to clear certain hurdles, such as exhausting available administrative

remedies and demonstrating physical injury. *See* 42 U.S.C. § 1997e. Plaintiff essentially seeks to avoid the exhaustion requirement while continuing to benefit from the statute's other provisions. He filed suit when the opportunity cost of doing so was low, and now wishes to be free of the statute's remaining restrictions. The result Plaintiff advocates is clearly at odds with the policy concerns underlying the PLRA.

Magistrate Judge Majzoub did not err in interpreting or applying the PLRA. The Court therefore concurs with Magistrate Judge Majzoub's R&R. The PLRA required Plaintiff to exhaust his administrative remedies with respect to all of the claims in this action, not only those asserted before he was released from prison. Plaintiff failed to exhaust his administrative remedies, and the Court accordingly grants summary judgment for Defendants on the retaliation claim against Defendant Baldwin and the Eighth Amendment claim against Defendant Robinson.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's retaliation claim against Defendant Baldwin and the Eighth Amendment claim against Defendant Robinson;

**IT IS FURTHER ORDERED** that Defendant Rebecca Robinson is **DISMISSED** from this action.

                                          s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

David J. Council, Esq.
Heidi A. Naasko, Esq.

Clifton B. Schneider, A.A.G.